# IN THE COURT OF APPEALS OF IOWA

No. 21-1849
Filed March 30, 2022

**IN THE INTEREST OF K.H.,**
**Minor Child,**

**H.T., Mother,**
     Appellant.
_____

Appeal from the Iowa District Court for Polk County, Kimberly S. Ayotte, District Associate Judge.

A mother appeals the termination of her parental rights to her one-year-old child. **AFFIRMED.**

Agnes G. Warutere of Warutere Law Firm, PLLC, Ankeny, for appellant mother.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

Erin E. Mayfield of the Youth Law Center, Des Moines, attorney and guardian ad litem for minor child.

Considered by Bower, C.J., and Vaitheswaran and Chicchelly, JJ.

**CHICCHELLY, Judge.**

This appeal concerns the termination of a mother's parental rights to her one-year-old child.[1]  The child tested positive for amphetamine at birth in November 2020, and the mother admitted to using it during her pregnancy.  The child was removed from the home in February 2021 due to the father's positive test for methamphetamine and concerns about the mother's ability to remain sober while the father was using.  Those concerns were validated when a sweat-patch specimen collected from the mother in March 2021 tested positive for methamphetamine.[2]

The juvenile court adjudicated the child in need of assistance (CINA) in April 2021.  The mother admits using methamphetamine that month but claims she has abstained since then.  But sweat-patch specimens collected from the mother in June, August, and October tested positive for methamphetamine.  The mother also used alcohol regularly from April to September 2021, when she was arrested for operating while intoxicated (OWI).

After a November 2021 hearing, the juvenile court terminated the mother's parental rights under Iowa Code section 232.116(1)(h) and (*l*) (2021).  We may affirm termination if the record supports either ground.  *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012).  To terminate under section 232.116(1)(h), the court must find:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a [CINA] pursuant to section 232.96.

---

[1] The juvenile court terminated the father's parental rights in the same order, but he does not appeal.

[2] Despite that result, the mother denies using methamphetamine in March 2021.

(3) The child has been removed from the physical custody of the child's parents for at least six of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.

(4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

The mother disputes that the child could not be returned to her care at the time of the termination hearing. *See In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (interpreting the term "at the present time" to mean to mean "at the time of the termination hearing"). Her argument emphasizes the positive: that she participated in substance-abuse treatment, ended her relationship with the father, obtained employment, and maintained housing. And she tries to downplay the negative—the positive drug tests—by claiming the results were positive for methamphetamine "at very low levels" while urine samples collected during the same periods were negative. But her claim that she only tested positive because she shared a bed with the father, who was using methamphetamine and sweats heavily, is unconvincing. The mother could not explain why she tested positive in October 2021, after her relationship with the father ended. And the urine samples that tested negative for methamphetamine during the same timeframes as the positive sweat patches were "too dilute" to assure validity of the results. We agree with the juvenile court that "the presence of amphetamine in the sweat patch test results shows that methamphetamine was ingested and was metabolized in the system." Those test results, coupled with the mother's admitted alcohol use and OWI arrest, show the mother's substance-use issues continue to present a risk of harm to the child. Thus, clear and convincing evidence establishes the grounds for termination under Iowa Code section 232.116(1)(h).

The mother next contends termination is not in the child's best interests. In determining best interests, we look to the framework described in section 232.116(2). S*ee In re A.H.B.*, 791 N.W.2d 687, 690-91 (Iowa 2010). That provision requires that we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). The "defining elements" of the best-interests analysis are the child's safety and "need for a permanent home." *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011) (citation omitted). And we may glean insight to a child's future "from evidence of the parent's past performance, for that performance may be indicative of the quality of the future care that parent is capable of providing." *In re B.H.A.*, 938 N.W.2d 227, 233 (Iowa 2020) (citation omitted).

Terminating the mother's parental rights is in the child's best interests. The mother has a history of methamphetamine use extending back to 2014, when she was arrested on a possession charge. The mother pleaded guilty and obtained a deferred judgment, which the court revoked in 2018 because she violated the conditions of her probation. And though the mother tried to minimize her substance use, she admits using methamphetamine regularly both before and during her pregnancy. Despite substance-abuse treatment, the mother tested positive for methamphetamine use one month before the termination hearing. The evidence shows the mother cannot meet the child's needs for a safe and permanent home. We will not deprive the child permanency based on the hope that someday the mother will be able to do so. *See In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014).

Finally, the mother argues against termination because the child has been in the care of the maternal grandmother since removal. *See* Iowa Code § 232.116(3)(a) (stating the court "need not terminate the relationship between the parent and child if the court finds . . . [a] relative has legal custody of the child"). But the provisions of section 232.116(3) are "permissive, not mandatory." *In re A.S.*, 906 N.W.2d 467, 475 (Iowa 2018). The decision to use section 232.116(3) to save the parent-child relationship is discretionary and depends on the facts of each case. *Id.*

We decline to preserve the mother's parental rights based on the child's placement with the maternal grandmother. "An appropriate determination to terminate a parent-child relationship is not to be countermanded by the ability and willingness of a family relative to take the child." *Id.* We instead look to the child's best interests. *See id.* Having done so, our determination that the child's best interests are served by termination is unchanged by the child's placement with the maternal grandmother.

**AFFIRMED.**